**SO ORDERED.**

**SIGNED this 24 day of May, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

REBECCA C. McGARRY,                             CASE NO. 11-09431-8-JRL
                                                CHAPTER 13
    DEBTOR.

_____

### ORDER

This matter came before the court on the debtor's objection to the secured status of a claim. A hearing was held on May 16, 2012 in Wilmington, North Carolina. For the reasons stated below, the debtor's objection is allowed.

### BACKGROUND

The debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on December 13, 2011. John J. McGarry ("claimant") filed a proof of claim on February 29, 2012, asserting that he holds a right of setoff and therefore is the holder of a secured claim under 11 U.S.C. § 506(a). The debtor filed an objection to the secured status of the claim on April 5, 2012, alleging that it should be classified as a nonpriority unsecured claim. The claimant filed a response on April 19, 2012, reasserting his secured claim via right of setoff.

On March 19, 1977, the debtor and the claimant married. On July 25, 2007, the debtor

and the claimant separated. The parties executed a property settlement agreement ("agreement") on August 19, 2008. The Circuit Court of Prince William County, Virginia entered a final divorce decree incorporating the agreement on September 15, 2008.

Pursuant to the agreement, the debtor receives half of the claimant's monthly military retirement pay and half of any increases to the claimant's cost of living allowance. The debtor was also named the sole beneficiary to the claimant's military survivor annuity. The claimant assumed most of the couple's debts, but the debtor assumed liability for one of the children's student loan payments. The debtor stopped making payments in October 2011 and defaulted on the agreement. Because the loan is in the claimant's name, he took over payments and has paid $4,183.07 to the student loan company since the debtor's default last fall. The agreement requires the debtor to indemnify the claimant for any failure to make payments on the student loan debt.

## DISCUSSION

Section 553(a) of the Bankruptcy Code recognizes a creditor's right to "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case." 11 U.S.C. § 553(a). "Although no federal right of setoff is created by the Bankruptcy Code, [the statute] provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995). Thus, § 553(a) recognizes setoff rights existing under applicable state or federal law. 5 Collier on Bankruptcy ¶ 553.04, (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. Rev. 2012).

Virginia law governs the claimant's setoff rights.[1]  The agreement from which this claim arises is a contract between two Virginia residents approved by a Virginia state court.  It also contains a provision specifying that only Virginia law shall be used to construe questions arising from the agreement.  The definition of setoff under Virginia law is:

> [A] counter demand of a liquidated sum growing out of a transaction extrinsic to the plaintiff's demand, for which an action on contract might be maintained by the defendant against the plaintiff and which is now exhibited by the defendant against the plaintiff for the purpose of counterbalancing in whole or in part the plaintiff's demand, and, where it exceeds the plaintiff's demand of recovering a judgment in his own favor for the excess.

King v. Fulbright & Jaworski, LLP (In re Koch), 224 B.R. 572, 576 (Bankr. E.D. Va. 1998) (citations omitted).

Setoff rights are preserved in bankruptcy when four conditions are satisfied.  5 Collier on Bankruptcy ¶ 553.01[1].  First, the creditor's claim must arise prior to commencement of the case.  Id.  The Bankruptcy Code defines claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, [or] contingent."  11 U.S.C. § 101(5)(A).  This requirement is satisfied.  When the debtor stopped making payments in October 2011 and the claimant made the payments instead, the claimant's right to indemnification arose pursuant to the agreement.

Second, the debtor's claim must arise prior to commencement of the case.  Id. The Code does not require that the amount of the debt be computed prior to bankruptcy.

---

[1] Even if North Carolina law supplies the rule of decision in this case, the result will be the same.  North Carolina also recognizes a creditor's right of setoff when there is mutuality of the parties and of the claims.  See Ivey v. Hunter Acquisitions, Inc. (In re Carolina Acoustical and Flooring, Inc.), 415 B.R. 186, 191 (Bankr. M.D.N.C. 2009) (citing In re Battery King Mfg. Co., 83 S.E.2d 490 (N.C. 1954)).

See Braniff Airways, Inc. v. Exxon Co., 814 F.2d 1030, 1036 (5th Cir. 1987). In Braniff Airways, the debtor airline made prepayments to Exxon based on its projected fuel needs for the upcoming week. Id. at 1032. The debtor had only used a portion of the prepaid fuel on the date of filing. Id. While the amount of the debt was not fixed, the liability undoubtedly arose prior to the commencement of the case, permitting Exxon to exercise its right to setoff. Id. at 1036. Virginia law, however, requires a counter demand of a liquidated sum before a creditor's setoff right arises. Koch, 224 B.R. at 576. Here, the claimant owed no prepetition debt to the debtor. One month must pass before the debtor is entitled to her next share of the retirement benefits. Under no circumstance could the debtor have forced the liquidation of the future amounts owed prior to filing for bankruptcy and sued in contract for payment. Whether the debtor continues to receive her share of the retirement pension is contingent on the claimant's survival. A debt may fit the definition of a claim but not be sufficiently liquidated to be eligible for setoff.

Third, the creditor's claim and debtor's claim must be mutual. 5 Collier on Bankruptcy ¶ 553.01[1]. The Code does not define mutuality, but courts generally require that the claims exist between the same parties. See id. ¶ 553.03[3][a]. Virginia law requires the debtor to have a counterclaim against the claimant arising from the same transaction. Koch, 224 B.R. at 576. In this case, mutuality between the claims does not exist. While the debtor has an obligation to indemnify the claimant for his payments on the student loan debt, it is not the claimant who pays the retirement benefits to which the debtor is entitled. The Defense Finance and Accounting Service ("DFAS") pays one-half of the pension directly to the debtor. If the debtor stopped receiving her share, she would

4

bring an action against the agency, not the claimant, to recover the claim. In addition, the claimant cannot not stop payments to the debtor without a court order modifying the contract and directing DFAS to change the beneficiary.

Fourth, both claims must be valid and enforceable. 5 <u>Collier on Bankruptcy</u> ¶ 553.01[1]. Here, neither party has questioned the validity or enforceability of either claim.

Based on the reasons stated above, the debtor's objection to claim is **ALLOWED**. Due to the unliquidated nature of the debt and the lack of mutuality between the claims, the court finds that the claimant holds a non-priority unsecured claim.

**END OF DOCUMENT**